UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON ROBERSON,<br><br>    Petitioner,<br><br>    v.<br><br>SACRAMENTO COUNTY SUPERIOR COURT,<br><br>    Respondent. | No. 2:19-cv-02325 GGH P<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of mandamus. ECF No. 1. This case was docketed as a habeas action pursuant to 28 U.S.C. § 2254. Petitioner's request seeks this court to vacate his Sacramento County Superior Court conviction and order a new trial based on the denial of his Faretta motion. Id. at 1-2,6-7. For relief, petitioner is requesting this court issue a "peremptory writ," "an emergency stay" and "any and all other relief" this court deems appropriate. Id. at 12. Although petitioner has filed for writs of prohibition with the higher state courts, it does not appear that petitioner has exhausted all state remedies for his conviction, i.e., appeal and/or habeas corpus petitions. Further, petitioner has not filed an in forma pauperis affidavit or paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a). Nevertheless, the undersigned will recommend dismissal of petitioner's application for a writ of mandamus.

Petitioner cites to a series of state law cases to assert this court's jurisdiction over issuing a writ of mandamus. ECF No. 1 at 5. However, these cases involve writs of mandate brought pursuant to Cal. Code Civ. P. § 1085. Id.; see Anderson v. Phillips, 13 Cal. 3d 733, 736 (1975); People v. Rodriguez, 1 Cal. 5th 676, 684 (2016); Villery v. Dep't of Corr. & Rehab., 246 Cal. App. 4th 407, 413 (2016). Federal courts do not have original jurisdiction pursuant to Cal. Code Civ. P. § 1085 to issue a writ of mandamus.

Pursuant to 28 U.S.C. §1361, federal courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "[S]ection [1361] applies only to actions brought against 'an officer or employee of the United States.' " Newton v. Poindexter, 578 F. Supp. 277, 279 (E.D. Cal. Jan. 18, 1984). Here, petitioner is requesting this court to order a state court to vacate a conviction and order a new trial. This court lacks jurisdiction to compel state courts to comply with petitioner's requests. Newton, supra, 578 F. Supp. at 279; see also Clark v. State of Wash., 366 F.2d 678, 681 (9th Cir. 1966) ("The federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties[.]")

Likewise, the court lacks jurisdiction to issue writs of mandamus to a state court pursuant to 28 U.S.C. § 1651. Demos v. U.S. Dist. Court For E. Dist. of Washington, 925 F.2d 1160, 1161–62 (9th Cir. 1991).

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall assign a district judge to this action.

Further, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of mandamus be dismissed and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned

////

////

"Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 5, 2019

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE