UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON ROBERSON, | No. 2:19-cv-02325-TLN-GGH |
| Petitioner, | |
| v. | **ORDER** |
| SACRAMENTO COUNTY SUPERIOR COURT, | |
| Respondent. | |

      This matter is before the Court on remand from the Ninth Circuit for the limited purpose of granting or denying a certificate of appealability (ECF No. 13) and on Petitioner Marlon Roberson's ("Petitioner") Motion for Certificate of Appealability (ECF No. 14). After carefully considering the Ninth Circuit's instructions and Petitioner's arguments, the Court DENIES Petitioner's Motion. (ECF No. 14.)

      Petitioner, proceeding *pro se*, initiated this action for a writ of mandamus alleging Respondent Sacramento County Superior Court violated his Sixth and Fourteenth Amendment rights. (ECF No. 1.) On December 5, 2019, the magistrate judge issued an Order and Findings and Recommendations, ordering a district judge to be assigned to this action and recommending Petitioner's application for a writ of mandamus be dismissed and this case be closed. (*See* ECF No. 3.) Petitioner was given fourteen days after being served with the Findings and

Recommendations to file written objections with the Court and was advised that failure to file objections within the specified time may waive the right to appeal the Court's order. (*Id.* at 2.) On December 20, 2019, Petitioner filed objections to the Findings and Recommendations, arguing that:

> a writ of mandate may be issued by any court to any inferior tribunal to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station or to compel the admission of a party to the use and enjoyment of a right to which the party is entitled and from which the party is unlawfully precluded by that inferior tribunal.

(ECF No. 5 at 4.)

On January 16, 2020, the Court adopted the Findings and Recommendations in full and dismissed the action, concluding the California Superior Court is not an "inferior tribunal" in relation to this Court under Cal. Civ. Proc. Code § 1085 and this Court "lacks jurisdiction to compel state courts to comply with" Petitioner's requests. (ECF No. 6 at 2 (citing ECF No. 3 at 2).) On the same day, the Clerk of the Court entered judgment and served the Order of Dismissal on Petitioner. (ECF No. 7; *see* docket, No. 2:19-cv-02325-TLN-GGH.) On January 28, 2020, Petitioner filed his Notice of Appeal. (ECF No. 9.) On April 6, 2020, the Ninth Circuit issued an Order remanding the case to this Court "for the limited purpose of granting or denying" a certificate of appealability. (ECF No. 13 at 1 (citing 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997); *Slack v. McDaniel*, 529 U.S. 473, 482, 484 (2002)).) The Ninth Circuit directed this Court to "specify which issue or issues meet the required showing" if it decides to issue a certificate of appealability or to "state its reasons why a certificate of appealability should not be granted" if it decides not to issue one. (*Id.* at 1–2.) On January 25, 2021, Petitioner filed the instant Motion for Certificate of Appealability. (ECF No. 14.)

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve

2

encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted); *see also Slack*, 529 U.S. at 484–85.  The Ninth Circuit has explicitly provided:

> [T]he issuance of a [certificate of appealability] is not precluded where the petitioner cannot meet the standard to obtain a writ of habeas corpus . . . This general principle reflects the fact that the [certificate of appealability] requirement constitutes a gatekeeping mechanism that prevents [an appellate court] from devoting judicial resources on frivolous issues while at the same time affording habeas petitioners an opportunity to persuade [the appellate court] . . . of the potential merit of issues that may appear, at first glance, to lack merit.

*Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000); *see also Love v. Scribner*, No. 06cv640-WQH-RBB, 2010 WL 1031302, at *1 (S.D. Cal. Mar. 18, 2010).  As the Ninth Circuit has instructed this Court, "[u]pon the filing of a notice of appeal and a request for a certificate of appealability, the district court shall indicate which specific issue or issues satisfy the standard for issuing a certificate, or state its reasons why a certificate should not be granted."  *Asrar*, 116 F.3d at 1270.

Here, Petitioner notes in his Motion for Certificate of Appealability that he "intends to appeal from this [Court's] January 16, 2020 dismissal of [his] application for a writ of mandamus/habeas corpus."  (ECF No. 14 at 1.)  As the magistrate judge noted in the Findings and Recommendations, "Petitioner's request seeks this [Court] to vacate his Sacramento County Superior Court conviction and order a new trial based on the denial of his [*Faretta*] motion."  (ECF No. 3 at 1.)  As the magistrate judge correctly determined, federal courts "do not have original jurisdiction pursuant to [Cal. Civ. Proc. Code] § 1085 to issue a writ of mandamus."  (*Id.* at 2.)  Nor do federal courts have jurisdiction under 28 U.S.C. § 1381 "to compel state courts to comply with [P]etitioner's requests," as § 1381 "applies only to actions brought against an officer or employee of the United States."  (*Id.* (internal quotations omitted).)  Petitioner has therefore not made a "substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2).  The Court further finds "reasonable jurists" would not debate "whether the petition should have been resolved in a different manner."  *See Miller-El*, 537 U.S. at 336.

In light of the foregoing, the Court hereby DENIES Petitioner's Motion for Certificate of Appealability.  (ECF No. 14.)  In accordance with the Ninth Circuit's April 6, 2020 Order (ECF No. 13), the Clerk of the Court is directed to serve a copy of this Order on the Ninth Circuit.

IT IS SO ORDERED.

DATED: March 25, 2021

Troy L. Nunley
United States District Judge